# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CRIS L. SONNICHSEN,
       Appellant,

       v.

DEPARTMENT OF THE NAVY,
       Agency.

DOCKET NUMBER
DC-0752-19-0111-I-1

DATE: May 15, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Cheri L. Cannon, Esquire, Washington, D.C., for the appellant.

Anakah Harrison, Cherry Point, North Carolina, for the agency.

Malcolm G. Schaefer, San Diego, California, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely filed without good cause shown. For the reasons discussed below, we GRANT his petition for review, REVERSE the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision, and REMAND the case to the regional office for further adjudication.

## BACKGROUND

The agency removed the appellant, a GS-11 Production Controller, from his position effective August 31, 2018. Initial Appeal File (IAF), Tab 6 at 16-18. The decision letter informed him that he could file a Board appeal challenging his removal within 30 days after the effective date of his removal or after his receipt of the decision, whichever was later. *Id.* at 18. On September 28, 2018, the appellant's attorney faxed to the Board's regional office a request for a 30-day extension of time to appeal the removal, indicating that "[a]dditional time may be needed or requested depending on area recovery efforts." IAF, Tab 1 at 29. He explained that his law office was closed "due to damage and continued utility disruption from Hurricane Florence" and that "conditions precluded normal operations, including client contact, phone, internet, electric, and attorney and client displacement due to the storm and aftermath." *Id.* He noted that the Federal Emergency Management Agency had declared two North Carolina counties to be disaster areas with an "incident date of September 7, 2018 and declaration date of September 14, 2018, and [] continuing." *Id.* According to an affidavit he later submitted, a Board employee contacted him and informed him that the Board had no way of granting an extension before the appeal was actually filed. *Id.* at 20. He attested that the Board employee told him that, when he was able to file the appeal, he should provide the same information contained in his facsimile, request a waiver of the time limit, and reference his earlier request and phone call with her. *Id.* at 20-21. He further stated that she told him she was "sure that [his request] would be granted under the circumstances of the hurricane." *Id.* at 21.

On November 6, 2018, the appellant appealed his removal to the Board and requested a waiver of the filing deadline based on his attorney's conversation

with the Board employee and the effects of Hurricane Florence. IAF, Tab 1. He provided a copy the September 28, 2018 request for an extension of time and the affidavit discussed above describing his attorney's conversation with the Board employee. *Id.* at 18-21. In the affidavit, the attorney also explained that he evacuated North Carolina from September 12 to 18, 2018, and reopened his law office to the general public on October 3, 2018, but continued to experience erratic internet, phone service, and power supply throughout the next 2 weeks. *Id.* at 19-20.

The agency moved to dismiss the appeal as untimely filed, arguing that the appellant had failed to demonstrate good cause for his 33-day filing delay given, among other things, the fact that his attorney conceded that he reopened his law office on October 3, 2018. IAF, Tab 6 at 4-14. The appellant opposed the agency's motion and submitted another affidavit by his attorney providing additional details about the difficulties he faced when reopening his law office and prioritizing the work for all of his clients. IAF, Tab 8 at 23-27. He explained that, although he opened his office to the general public on October 3, 2018, he did not perform any legal work until October 7, 2018, because he and his staff were reassembling the office and putting together "critical systems" and that he was out of the office for 1 of the next 3 weeks to address significant storm damage to his home and commercial real estate holdings. *Id.* at 26. He also attested that he relied on his conversation with the Board employee in deciding how to prioritize the appellant's appeal, that she did not inform him that he would be required to file the appeal within any specific period of time, and that he inferred from the conversation that a reasonable extension of time would be "routinely granted." *Id.* at 24, 27.

In a February 14, 2019 initial decision, the administrative judge dismissed the appeal as untimely filed without good cause shown. IAF, Tab 9, Initial Decision (ID).

The appellant has filed a petition for review of the initial decision, and the agency has responded.  Petition for Review (PFR) File, Tabs 1, 3.[2]

## ANALYSIS

An appellant bears the burden of proving by preponderant evidence that his appeal was timely filed.[3]  5 C.F.R. § 1201.56(b)(2)(i)(B).  Generally, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed or 30 days after the date of receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  The Board will dismiss an untimely filed appeal unless good cause is shown for the delay.  5 C.F.R. § 1201.22(c).  To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune, which similarly shows a causal relationship to his inability to timely file his petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  If the appellant establishes good cause, waiver of the filing deadline is appropriate absent a showing of

---

[2] For the first time on review, the agency has submitted two September 2018 orders from the Chief Justice of the Supreme Court of North Carolina regarding filing deadlines for counties affected by Hurricane Florence.  PFR File, Tab 3 at 21-32. Because the agency has not shown that it was unable to submit these orders below, we do not consider them for the first time on review. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (stating that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

substantial prejudice to the agency. *Boyd v. Department of Veterans Affairs*, 111 M.S.P.R. 116, ¶ 12 (2009).

In the initial decision, the administrative judge found that the appellant received the agency's decision letter on September 4, 2018, and that any Board appeal of his removal was thus due no later than October 4, 2018. ID at 5-6. Because the appellant did not file his appeal until November 6, 2018, he found that his appeal was untimely filed by 33 days. ID at 6. Neither party challenges this finding on review, and we discern no reason to disturb it.

Regarding whether the appellant established good cause for his 33-day filing delay, the administrative judge determined that his attorney acted diligently when he contacted the Board in late September after recognizing that the hurricane would affect his ability to timely file an appeal and that the hurricane did interrupt his law practice from mid-September through October 8, 2018. ID at 7. However, he found that the appellant's attorney returned to his law practice for 2 of the 3 weeks after October 8, 2018, and that he could have filed an appeal during this time if he had exercised due diligence and ordinary prudence notwithstanding his other professional and personal obligations. ID at 7-8. He credited the attorney's assertion that the Board employee informed him that she was "sure" a waiver would be granted under the circumstances but found it was unreasonable for him to assume that a 30-day waiver would be routinely granted in the absence of evidence showing that good cause supported a waiver for the entire time. ID at 8. Accordingly, the administrative judge concluded that good cause supported waiver of the filing deadline through October 22, 2018, but that the appellant failed to show good cause for his failure to file between October 23 and November 6, 2018. ID at 8-9.

The appellant challenges these findings on review. PFR File, Tab 1 at 9-21. He argues that the 33-day delay was caused by a "hurricane of historic proportions and catastrophic damage to local infrastructure and his lawyer's home and place of business" and that his attorney acted with due diligence to inform the

Board of his need for an extension. *Id.* at 9-15. He further argues that his attorney had no prior experience before the Board, that he deferred to the Board employee's assurance that she was "sure" a waiver would be granted under the circumstances, and that he assumed that she would have informed him "if some other action was advisable or required [ ] to secure waiver of the deadline (such as filing any appeal, no matter how incomplete, and amending it later)." *Id.* at 16-17. The appellant also argues that the agency will not be prejudiced by a "delay of barely one month." *Id.* at 18. In response, the agency reiterates many of the arguments it raised below, including that the appellant's attorney could have timely filed the initial appeal and has a history of untimely filings, the length of the delay was significant, and the appellant failed to explain why his attorney could not have filed the appeal on any other day before November 6, 2018. PFR File, Tab 3 at 7-20.

We agree with the administrative judge's determination that Hurricane Florence impaired the ability of the appellant's attorney to file the appeal between mid-September and October 8, 2018, and that good cause supports a waiver of the filing deadline through October 22, 2018. ID at 7. For the reasons discussed below, we further find that the appellant has shown good cause to excuse the remainder of his filing delay.

The Board has previously found good cause to waive a filing deadline when a pro se appellant reasonably relied on incorrect or misleading information from a Board employee. *See Annunziata v. U.S. Postal Service*, 36 M.S.P.R. 192, 196-97 (1988) (finding good cause to waive a filing deadline because the pro se appellant reasonably relied on the administrative judge's misstatement concerning the timing of his appeal); *Meehan v. U.S. Postal Service*, 7 M.S.P.R. 193, 196 (1981) (finding good cause to excuse a filing delay when the pro se appellant was misled by Board employees regarding the necessity to file an appeal). Although the appellant was not pro se, his attorney had not previously practiced before the Board, and we find that he reasonably relied on the Board employee's assurance

that waiver of the filing deadline would be granted under the circumstances. While we agree with the administrative judge and the agency that the appellant's attorney *could* have filed the appeal before November 6, 2018, there is no indication that the Board employee advised him that he should file within any particular time or warned him that his request for a waiver might be denied if he delayed more than 2 weeks after reopening his office to the general public. Given the Board employee's statements and the circumstances surrounding the hurricane recovery efforts, we find that it was reasonable for the appellant's attorney to infer that a waiver through November 6, 2018, would be granted.

In addition, although our regulations do not provide for extensions of time to file an initial appeal, the Board has found that timely requests for such extension may constitute good cause to excuse an untimely filing. *See Caldwell v. Department of the Treasury*, 85 M.S.P.R. 674, ¶ 5 (2000) (finding good cause to waive the filing deadline when, among other things, a pro se appellant submitted evidence showing that he requested an extension of time to file his appeal before the filing deadline and then filed his appeal within 30 days of his extension request); *Quinones v. Office of Personnel Management*, 33 M.S.P.R. 612, 614 (1987) (finding good cause to excuse a 13-day filing delay when the pro se appellant claimed that he requested and received an extension of time to file his initial appeal and submitted a mail return receipt signed by the administrative officer on a date within the filing period); *Quarezo v. Office of Personnel Management*, 11 M.S.P.R. 522, 523 (1982) (finding good cause to waive the filing deadline when a pro se appellant timely filed a "Motion To Have His Claim Freezed and/or To Be Held In Abeyance," the regional office notified him that the Board's regulations did not permit such request and that the time limit for filing an appeal was running, and he filed his appeal 2 days following his receipt of this response). Here, the appellant's attorney, who had not

previously appeared before the Board, demonstrated due diligence by requesting an extension of time to file the initial appeal during the filing period.[4]

Although the filing delay in this case of 33 days is quite lengthy, we find that the circumstances surrounding the hurricane and recovery efforts, the appellant's timely request for an extension, and his attorney's reasonable reliance on the Board employee's assurance that a waiver would be granted establish good cause to excuse the late filing. Because the agency has not shown that it will be substantially prejudiced by the appellant's filing delay, we waive the filing deadline. *See Boyd*, 111 M.S.P.R. 116, ¶ 12.

---

[4] We recognize that a better practice would have been for the appellant's attorney to file an initial appeal containing the minimum requirements specified in 5 C.F.R. § 1201.24(a), along with a motion for an extension of time to file any initial pleading he wished to file and a motion to hold the proceedings in abeyance. However, there is no indication that the Board employee informed him of this option or that he knew or should have known to do so, given that he reasonably assumed he received the best advice from the Board employee, had never practiced before the Board, and was dealing with hurricane recovery efforts. Furthermore, we disagree with the administrative judge's suggestion that the appellant's attorney lacked due diligence because he filed the initial appeal several days after 30-day extension would have expired. ID at 8-9. It is unfair to hold an appellant to a deadline that he requested but was not granted. Moreover, the appellant's attorney indicated in his faxed request that he may require additional time depending on area recovery efforts, IAF, Tab 1 at 29, but ultimately had no reason to request a second extension or to follow up with the Board given that the Board employee informed him that no extensions were possible and that she was "sure" a waiver would be granted.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication.

*Gina K. Grippando*

FOR THE BOARD:    _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.